UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
AMICAS, INC.,                       )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   Civil Action No. 08-11589-LTS
                                    )
GMG HEALTH SYSTEMS, LTD. d/b/a      )
GONZABA MEDICAL GROUP,              )
                                    )
    Defendant.                      )
_____)

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR RECONSIDERATION
AND PLAINTIFF'S REQUEST FOR FEES AND COSTS

April 26, 2011

SOROKIN, M.J.

    Currently pending are the Defendant's Motion for Reconsideration and the Plaintiff's Request for Costs and Fees.

    1. <u>GMG's Motion For Reconsideration</u>

    The Defendant's request for reconsideration of the Court's order allowing Plaintiff's Partial Motion for Summary Judgment (<u>See</u> Docket # 82)[1] is DENIED. GMG has not established a basis for relief under Fed. R. Civ. P. 60(b) and, in any event, its arguments fail on the merits.

    There is no basis for relief under Rule 60 because nothing before the Court suggests "any

---

[1] As explained in the Court's Order of March 9, 2011 (Docket # 82), the Court has construed certain arguments made by GMG in opposition to AMICAS's request for fees and costs as a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(1).

1

other reason that justifies relief." There are no "extraordinary circumstances" present in this case which warrant relief from the Court's summary judgment ruling. See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citing Ackermann v. United States, 340 U.S. 193, 199 (1950)). During the summary judgment briefing, GMG did not contest AMICAS's damage analysis. Although it does so on reconsideration, nothing prevented it from advancing its arguments in opposition to AMICAS's summary judgment motion when the issue of damages was in dispute before the Court.[2]

In any event, GMG's arguments are without merit. The Parties' Agreement provided that upon termination (other than one arising from an AMICAS breach), "Customer will pay AMICAS for all services performed by AMICAS up to the date of such termination, and all other amounts Customer owed to AMICAS as of the date of such termination, including, but not limited to, the unpaid portion of the Software Support Fee for the balance of the Term." Docket # 48-1 at ¶ 4.3. In addenda to the Agreement (executed at the time of the Agreement), the Parties rolled all of the license fees, support fees, hardware costs and other fees into an annual Per Captured Study Fee (rather than requiring payment within 60 days) and extended the one year Term of the Agreement to five years (thus spreading the payments out over five years and obligating GMG for five years of support instead of renewable one year support periods). Docket # 48-1 at 30-34, 36.

Plainly, the language that "[n]o additional payments will be due from Customer for such

---

[2] GMG argues that Rule 60 is inapplicable here. GMG could have filed a motion identifying the relief it sought from the Court's ruling on summary judgment and identified in the motion the proper standard applicable to its motion. The issue is irrelevant as the Court has considered the merits of the damage dispute.

products and services" (Docket # 48-1 at 34) means that the annual Per Captured Study Fee encompassed all charges that GMG was obligated to pay under the Agreement for the hardware, software and services they were receiving under the Agreement. It does not mean (as GMG now argues for the first time) that the Per Captured Study Fee is a use fee that GMG must pay only while using the software or while the Agreement remains operative.[3]

In addition, the Per Captured Study Fee does not constitute a penalty or an impermissible liquidated damages term. Under the Agreement, AMICAS provided hardware, software and support services. AMICAS agreed to accept payment from GMG over time. Although unnecessary to the analysis, extrinsic evidence confirms the plain language of the Agreement, in that GMG did not qualify for financing of the initial payments and accordingly, the Parties revised the Agreement to lengthen it and to roll all the payments up into an annual payment due every year.

Accordingly, GMG's request for reconsideration is DENIED and the Order, including that portion establishing damages, stands.

    2.    <u>AMICAS's Request for Fees and Costs</u>

Where fees are to be awarded pursuant to a contract, the Court's role under Massachusetts law is to determine whether the fees are fair and reasonable for the services rendered. See <u>Northern Heel Corp. v. Compo Industries, Inc.</u>, 851 F.2d 456, 476 (1st Cir.1988) (citing <u>First National Bank of Boston v. Brink</u>, 372 Mass. 257, 264 (1977)). "The basic measure of reasonable attorney's fees is a 'fair market rate for the time reasonably spent preparing and

---

[3] Notably GMG has not argued that it only owed AMICAS for the number of studies actually performed and, in any event, the language of the Agreement does not support such a construction.

3

litigating a case.'" Killeen v. Westban Hotel Venture, LP, 69 Mass.App.Ct. 784, 790 (2007) (citing Stowe v. Bologna, 417 Mass. 199, 203 (1994), quoting from Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993)). The Court may also consider such factors as the nature of the case and the issues presented, the time and labor required, the amount of damages involved, and the result obtained. Id. (citing Cummings v. National Shawmut Bank, 284 Mass. 563, 569 (1934)).

AMICAS's indicates that it has expended a total of $324,805.00 in attorneys' fees, and incurred $15,360.07 in costs and $9,264.00 in expert fees. Docket #s 75, 75-1-2. 75-3.

GMG opposes AMICAS' request for fees primarily on the ground that AMICAS has no basis for recovery of the damages it seeks nor any grounds for recovery of any meaningful damage amount. Docket # 76. The Court has twice rejected that argument. In the context of what AMICAS has established, AMICAS's fees are reasonable. The contract provides for recovery of fees – a point GMG concedes – and AMICAS has achieved complete success in the form of an Order determining that GMG breached the Agreement, warranting payment of the fees due under the Agreement as was calculated by AMICAS in its Complaint.

Insofar as GMG opposes AMICAS' fee request on the grounds that the chargeout interface did not work (See Docket # 76 at 13-14) the Court declines to revisit this issue, which was resolved by its Order on summary judgment, as GMG has advanced no reasons meriting reconsideration.

The rates charged by AMICAS's counsel were reasonable. Senior counsel's rate of $300.00 per hour is a fair market rate. Two thirds of the total attorney hours billed were for work performed by more junior attorneys at the reasonable rates of $190.00 - 250.00 per hour. See Docket # 75 at 3.

4

Approximately one thousand three hundred hours were expended on the matter. The number of hours spent by AMICAS's counsel was also reasonable. A significant sum of money was at stake. The question of which party breached the agreement was in this case particularly fact-intensive, since GMG's principal defense was that AMICAS had failed to deliver a working product. AMICAS's counsel achieved a successful outcome. Moreover, GMG's own litigation strategy contributed in no small measure to the number of hours spent by AMICAS's counsel. For example, inter alia: (1) GMG asserted counterclaims for fraud which AMICAS twice successfully moved the Court to dismiss for failure to plead properly under Fed. R. Civ. P. 9(b); (2) AMICAS brought a successful motion to compel discovery from GMG; (3) GMG's actions in producing attorney-client communications (within a 180,000-page last-minute document production) contributed both to AMICAS's increased costs in reviewing the hastily-prepared document production (as evidence by the inclusion or privileged communications) and in litigating the resulting issue concerning the possible waiver of the attorney-client privilege; (5) AMICAS reasonably asserts that its response to GMG's summary judgment motion was complicated by both the format of GMG's Rule 56.1 statements and by the nature of some of its evidentiary citations [4] -- factors which also substantially complicated and delayed the Court's resolution of the motions; (6) GMG raised a meritless defense concerning the identity of the operative written agreement between the Parties; and (7) GMG has now raised new theories concerning damages which ought to have been raised at the appropriate time, resulting in further briefing.

---

[4] The Court found that in many instances, the record evidence cited did not support the factual assertion made in the pleading.

GMG also raises several specific objections to the fees. First, it argues that AMICAS should not collect fees expended for its expert, since she was not utilized at summary judgment. The Agreement provides that AMICAS may recover for any amounts reasonably expended in the course of enforcing its rights. AMICAS's retention of an expert was not unreasonable, given the issues in dispute, nor were her hourly rate or the number of hours expended by her. See Docket 75-4 at 2-3.

GMG's objection that AMICAS may not recover for the time expended in defending against GMG's counterclaims (and that those hours have not been separately recorded) is also contradicted by the language of the Agreement, which provides that AMICAS may recover all of its reasonable expenses incurred in any proceeding relating to its enforcement of its rights. Docket # 48-1 at §3.2. This is particularly appropriate where, as here, the counterclaims did not require substantial factual development or legal analysis separate from that necessitated by AMICAS's own claims.

GMG's objection to legal research fees likewise concerns a situation not applicable here – recovery under fee shifting statutes, and the need to show that research was conducted on successful claims. Here, the award of fees is by operation of contract, and any reasonable fees are recoverable. AMICAS's research is reasonable.

AMICAS has additionally documented $15,360.07 in costs related primarily to depositions (including travel to San Antonio, Texas) and mailing and copying charges relating to document productions. These costs are reasonable.

Finally, AMICAS requests that the Court either apply a late fee of 1.5% per month as provided for in the Agreement Docket # 48-1 at §3.2 or assess prejudgment interest pursuant to

M.G.L. c. 231 § 6C. Docket # 75 at 10-11 n. 9 (citing In re Keefe, 401 B.R. 520, 526 (1st Cir.2009) (prejudgment interest is a substantive remedy governed by state law). See also, Crowe v. Bolduc, 365 F.3d 86, 90 (1st Cir.2004) (when a plaintiff obtains a jury verdict in a diversity case in which the substantive law of the forum state supplies the rules of decision, that state's law governs the plaintiff's entitlement to prejudgment interest). M.G.L. c. 231 § 6C provides that "in all actions based on contractual obligations, upon a finding or order for judgment for pecuniary damages, the clerk of court shall add interest at the rate of twelve per cent per annum from the date of the breach or demand."

In this case AMICAS demanded payment of $778,889.00, the amount then due under the Agreement for the remainder of the five year term, on August 28, 2008. Docket # 75-5 at 2, 6. The parties' Agreement provided for payments spread over the five-year term of the Agreement; the sum of these payments was not, in the ordinary course, all due on August 28, 2008, unless GMG's breach rendered it all due and payable immediately. Section 4.3 of the Agreement provides that upon a termination, "Customer will pay AMICAS for all services performed by AMICAS up to the date of such termination and all other amounts Customer owed to AMICAS as of the date of such termination including, but not limited to, the unpaid portion of the Software Support Fee for the balance of the Term or Renewal Term." In this Agreement, the Term was five years, thus rendering the remaining payments due upon the termination.

AMICAS concedes that it may not obtain both prejudgment interest under the statute and the contract based late fee; it also indicated it would accept the lower statutory rate. Accordingly, the Clerk shall add to the judgment an award of prejudgment interest on the $778,889.00 from the date of demand, August 28, 2008, to the date of entry of judgment.

CONCLUSION

Accordingly, it is ORDERED that the award of summary judgment on Count I of the Complaint for the Plaintiff, AMICAS Inc. and against the Defendant GMG Health Systems in the amount of $778,889.00 is reaffirmed. AMICAS is also awarded attorney's fees in the amount of $324,805.00, costs in the amount of $15,360.07, expert fees in the amount of $9,264.00, and prejudgment interest in an amount to be calculated by the Clerk of Court at the rate of twelve percent (12%) per annum from August 28, 2008 to the date of judgment. Judgment shall enter upon the conclusion of all claims in this case.

GMG's Motion for Leave to File a Reply (#85) is ALLOWED and the Court considered its reply in rendering this ruling. The Motion to Strike (#78) is DENIED.

AMICAS has indicated that it may be willing to dismiss its remaining claims. It is further ORDERED that it shall inform the Court of its intentions by the close of business on May 15, 2011.

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE